UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID ALLEN HAWKINS,

            Petitioner,

  v.

MARGARET GILBERT,

            Respondent.

CASE NO. C16-5007 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 13), and Petitioner David Hawkins's ("Hawkins") objections to the R&R (Dkt. 14).

On November 30, 2015, Hawkins filed a habeas petition under 28 U.S.C. § 2254 seeking relief from the restitution portion of his judgment and sentence. Dkt. 4. On May 12, 2016, Judge Strombom issued the R&R recommending the Court deny the habeas petition because the Court lacks jurisdiction. Dkt. 13. Specifically, Judge Strombom concluded that Hawkins's petition does not satisfy § 2254's "in custody" requirement because he seeks relief from his financial obligations rather than release from custody. *Id.* On June 10, 2016, Hawkins filed objections. Dkt. 14.

ORDER - 1

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The majority of Hawkins's objections concern the merits of his habeas petition. *See* Dkt. 14. The Court, however, may not consider the merits of Hawkins's petition if it lacks jurisdiction. *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) ("Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question [the Court] must consider.'" (quoting *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998)).

With respect to whether the Court has jurisdiction, Hawkins argues he is challenging the "conditions" of his confinement and therefore satisfies § 2254's "in custody" requirement. Dkt. 14 at 3–4. Although Hawkins is in physical custody, his habeas petition only challenges his order of restitution, which is insufficient to confer jurisdiction on the Court. *See Bailey*, 599 F.3d at 980. Specifically, Hawkins argues that the Department of Corrections has illegally imposed an additional period of "supervision," but Hawkins does not contest the custody portion of any period of that alleged additional supervision. Dkt. 14 at 2–4. Accordingly, the Court lacks jurisdiction to consider the merits of his petition.

1     The Court having considered the R&R, Hawkins's objections, and the remaining
2 record, does hereby find and order as follows:

3     (1)    The R&R is **ADOPTED**;

4     (2)    The petition for writ of habeas corpus is **DENIED**;

5     (3)    The issuance of a certificate of appealability is **DENIED**; and

6     (2)    This action is **DISMISSED**.

7 Dated this 18th day of July, 2016.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3